## BLACK HILLS TRUST & SAVINGS BANK v. L. B. EARLY CO et al.

After entry of judgment against defendants they served notice of intention to move for a new trial on a bill of exceptions; but no bill of exceptions was settled within the time allowed by law. Execution was then issued on the judgment, whereupon defendants obtained an extension of time to settle the bill of exceptions, by reason whereof the execution was returned unsatisfied. Four months after the expiration of the time so extended, another execution was issued, when defendants served notice of appeal, without having settled a bill of exceptions or moved for a new trial, but did not serve or file an undertaking with the notice of appeal, or file any abstract or brief, or otherwise comply with the rules for appeal. As excuse for such defaults, they urged delay in procuring the transcript of evidence from the stenographer; but this was controverted by affidavit of the stenographer. **Held,** that the statutory penalty for appealing for the purpose of delay only should be imposed upon them, notwithstanding their statement that, having given up their intention to prosecute the appeal, they had been ready and willing for several months to pay the judgment; no notice of such intention having been given to respondent.

(Opinion filed December 13, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. RICE, Judge.

Action by Black Hills Trust & Savings Bank against L. B. Early Company and others. Judgment for plaintiff, and defendants appeal. On order to show cause why appeal should not be dismissed and why the statutory penalty for appealing for purpose of delay should not be imposed. Appeal dismissed, and penalty imposed.

*Hayes & Heffron,* for appellants. *S. C. Polley,* for respondent.

WHITING, P. J. This matter comes before the court upon the return of an order to show cause, issued at the instance of

respondent, requiring appellants to show cause why the appeal herein should not be dismissed and why the judgment of dismissal should not grant to respondent, as costs upon this appeal, 10 per cent. of the amount of the judgment appealed from, as a penalty for appellants' taking the appeal for purposes of delay only. Appellants do not resist the dismissing of the appeal, but insist that the appeal was taken in good faith, and no additional costs, by way of penalty, should be imposed.

It appears undisputed that judgment was entered in circuit court on December 17, 1909; that on December 31, 1909, notice of intention to move for new trial was served, which notice specified that it would be made upon a bill of exceptions to be settled; that no bill of exceptions was settled within time allowed by law; that thereafter execution issued on the judgment; that then appellants procured an order extending time to settle bill of exceptions; that the execution was, for that reason, returned unsatisfied; that no bill of exceptions was prepared within the extended time; that, after waiting four months after the time for preparing bill of exceptions as thus extended had expired, another execution was issued; that then and on July 14, 1910, the appellants served notice of appeal to this court, without ever having settled bill of exceptions or moved for a new trial; that no undertaking was served or filed with the notice of appeal, but that on July 16, 1910, without notice to respondent, a purported undertaking was filed with the clerk of the circuit court; that no abstract or brief has ever been filed in this court by appellants, and they have not in any manner whatsoever complied with the rules of this court upon this appeal; that, in order to get the record to this court for the purposes of the motions now before us, the respondent was compelled to pay the fees of the clerk of circuit court for transmitting files to this court, as well as the fees for filing the record in this court.

In excuse of the above defaults and omissions, appellants urge delay in procuring transcript of the evidence from the circuit court stenographer. Among the files from the trial court is the affidavit of the stenographer made some six months after judgment entered, in which affidavit he swears he had never been asked

to prepare a transcript, and that he could, at any time after such trial, upon short notice, have furnished such a transcript. Appellants in the affidavit presented upon their behalf state: "These considerations [expenses of further litigation and smallness of the amount in dispute] led appellants, some time after taking said appeal, to give up the intention of prosecuting it further, and to conclude not to burden this court with it, * * * and that appellants have been ready and willing for several months to pay said judgment, but have waited until the costs were taxed."

There is no pretense that respondent was notified of the desire of appellants to pay the judgment attempted to be appealed from. The costs mentioned above clearly refer to the costs in this court; but we are not advised how appellants expected such costs to be taxed if the record herein never reached this court. We know of no law forbidding the appellants going into the circuit court and paying the judgment appealed from even after appeal taken, and it occurs to us that, as soon as appellants had determined not to prosecute their appeal, they should have taken steps to settle the claim, and thus save further expense.

It is clearly a case warranting the imposition of the penalty provided by statute. The appeal herein is dismissed, at appellants' costs, and the clerk of this court is directed to tax, as costs in favor of respondent in addition to other costs allowed by statute, the sum of $35.